# EXHIBIT A

Current Case Information Case History



Powered by Google **Translate**

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2021-017555 | Judge: | Smith, James |
| File Date: | 11/12/2021 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Jeff Manny | Plaintiff | Male | Jeffrey Silence |
| Intel Corporation | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 2/4/2022 | AFS - Affidavit Of Service | 2/10/2022 | |
| **NOTE:** INTEL CORPORATION | | | |
| 1/19/2022 | 322 - ME: Notice Of Intent To Dismiss | 1/19/2022 | |
| 11/12/2021 | COM - Complaint | 11/15/2021 | |
| **NOTE:** Complaint | | | |
| 11/12/2021 | CSH - Coversheet | 11/15/2021 | |
| **NOTE:** Civil Cover Sheet | | | |
| 11/12/2021 | CCN - Cert Arbitration - Not Subject | 11/15/2021 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 11/12/2021 | SUM - Summons | 11/15/2021 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

EXHIBIT B

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
11/12/2021 8:47:26 AM
Filing ID 13601861

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Jeffrey A. Silence (029143)
jxs@jaburgwilk.com
Corrinne R. Viola (033386)
crv@jaburgwilk.com

Attorneys for Plaintiff

## SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

Jeff Manny,

              Plaintiff,

v.

Intel Corporation, a foreign for-profit corporation,

              Defendant.

Case No. **CV2021-017555**

**COMPLAINT**

Plaintiff alleges:

### PARTIES, JURISDICTION, VENUE

1.      Plaintiff Jeff Manny ("Plaintiff") is an individual residing in Maricopa County.

2.      Defendant Intel Corporation ("Defendant") is a foreign for-profit corporation authorized to do business in Maricopa County, Arizona.

3.      This Court has jurisdiction of this matter under A.R.S. § 12-123.

4.      Venue is proper in this Court.

5.      This case should be considered a "Tier 1" case for purposes of discovery under Rule 26.2, Ariz.R.Civ.P.

### GENERAL ALLEGATIONS

22424-22424-00001\\JXS\\LAU\\4810308.1

1    6.    Plaintiff is an engineer by trade.

2    7.    On September 4, 1990, Defendant hired Plaintiff as an engineer. At the time

3 of his termination, Plaintiff's title was Senior Design Engineer.

4    8.    As of the date of his termination, Plaintiff earned an annual base salary of

5 $134,990.00, exclusive of bonuses or other incentive and merit payments, while

6 employed with Defendant.

7                          **The Redployment Program**

8    9.    On September 22, 2014, Defendant issued its 36 page updated "U.S.

9 Redeployment Program Information" ("the Program").

10    10.    The Program defines employee as "a common law employee classified by

11 the Employer as a general full-time (GFT) or part-time employee (PTE)."

12    11.    Plaintiff was an employee with Defendant as defined by the Program.

13    12.    The Program includes a "Severance Plan" which details severance

14 payments eligible employees are to receive should employment with Defendant end while

15 an employee was enrolled in the Program.

16    13.    The Program calculates severance payments as allows severance pay to

17 include "base salary pay" and/or "variable separation pay."

18    14.    Base salary pay is calculated as follows:

19            [(number of months of pay) x (your monthly salary) x (shift
20            multiplier (if applicable)) x (compressed work week
              multiplier (if applicable)) x (geography multiplier (if
21            applicable))] plus 1/12 of your APB or Commission target.
              The Employer has sole discretion to determine the numerical
22            value of the multipliers, and the numerical value of the
              multipliers may change from time to time. In the case of a
23            part-time employee, the base salary pay will be prorated as
              determined in the sole discretion of the Employer. The
24            number of months of base salary pay for which you will be
              eligible, if any, is contained in the Package you received.

25    15.    Variable separation is categorized as standard or enhanced. Both categories

26 are calculated as:

27            (your annual base pay and APB or commission target /52) x
28            (the number of weeks of payout)

                                    2

16.     The standard variable separation severance package applied to Plaintiff because at the time Defendant offered the Program to Defendant, he chose the "Job Search Option."

17.     The Program requires severance payments to be made "as soon as administratively feasible after your termination of employment after you sign and timely return a release of claims in the manner and form prescribed by the Employer."

18.     In the fall of 2014, Plaintiff became displaced from his position with Defendant because Defendant decided to move the engineering team from Chandler, Arizona to Santa Clara, California in or around the summer of 2014.

19.     Employees affected by the move were given the following options:

        A.      Find another job within the employ of Defendant on a different team;

        B.      Move to California and continue working in the same or similar capacity;

        C.      Accept a Voluntary Separation Package compensation package as allowed by the Program and end employment with Defendant immediately; or

        D.      Enter the Program wherein employees affected by the move would remain employed with Defendant on temporary assignments while searching for other permanent employment.

20.     Plaintiff entered the Program in or around early fall of 2014, working on temporary assignments while searching for permanent employment with Defendant.

21.     Plaintiff's last temporary assignment concluded September 30, 2020.

22.     At the conclusion of Plaintiff's last temporary assignment, Plaintiff was considering leaving Defendant's employment in reliance on the benefits afforded to him under the Program.

23.     Plaintiff considered leaving Defendant's employment pursuant to the Program after taking his 8-week sabbatical followed using his remaining 53 days of the Program's "pool time" as vacation as allowed by the Program.

3

JABURG WILK
LAW FIRM

24.   During Plaintiff's last week of employment, Defendant, through representatives of both the human resources and legal department, told Plaintiff he was "under investigation" for reasons Plaintiff unequivocally denies.

**Defendant Terminated Plaintiff, but Refused to Pay His Severance Package**

25.   On November 13, 2020, after 30 years of service, Defendant terminated Plaintiff.

26.   In a meeting on December 1, 2020, Plaintiff met with members of Defendant's Human Resources Department, who read off various reasons for Plaintiff's termination.

27.   Plaintiff disagreed with the reasons for termination, but declined to engage in an argument as the decision to terminate him had already been made.

28.   Plaintiff inquired as to the benefits he would receive post-termination, and Defendant told him he would receive the following:

A.   8-weeks of salary for a sabbatical Defendant required him to cancel; and

B.   Retirement benefits, including health insurance via a Cobra plan.

29.   However, Defendant declined to pay Plaintiff severance as required by the Program.

30.   Plaintiff followed up several times with Defendant regarding his severance pay under the Program.

31.   To date, Defendant fails and / or refuses to pay him what is lawfully owed pursuant to the Program.

**COUNT I: BREACH OF CONTRACT**

32.   Plaintiff repeats and restates all allegations.

33.   The Program, memorialized in a 36-page document, is a valid and binding contract between Plaintiff and Defendant.

4

1    34.    Consideration exists because the Program requires, among other things,

2  employees release claims against Defendant upon receipt of, as is applicable here,

3  severance payments.

4    35.    Defendant breached the contract by failing to remit Plaintiff's severance

5  benefits to him.

6    36.    As a result, Defendant has been damaged in an amount no less than

7  $134,990.00.

8    37.    Defendant is entitled to recover his attorney fees pursuant to A.R.S. § 12-

9  341.01.

10                  **COUNT II: BREACH OF GOOD FAITH AND FAIR DEALING**

11    38.    Plaintiff repeats and restates all allegations.

12    39.    Implied in every contract is a duty of good faith and fair dealing.

13    40.    Defendant breached the duty of good faith and fair dealing by, among other

14  things, leading Plaintiff to believe he would receive the benefits provided pursuant to the

15  Program.

16    41.    For example, in or around March of 2020 and September of 2020, Plaintiff

17  inquired as to the status of certain benefits under the program with a Human Resources

18  representative, Chris Rodriguez, who confirmed in writing, via e-mail that Plaintiff

19  remained eligible for benefits afforded under the Program, such as pool time.

20    42.    Defendant's breach of the duty of good faith and fair dealing breached

21  Plaintiff in an amount to be determined at trial.

22                              **REQUEST FOR RELIEF**

23    **WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as

24  follows:

25          A.    For an award of compensatory damages amounting to no less than

26  $134,990.00;

27          B.    For an award of consequential damages;

28                                                        5

1             C.     For an award of pre-judgment interest at the highest rate allowed by

2  law;

3             D.     For an award of post-judgment interest at the highest rate allowed by

4  law;

5             E.     For an award of attorney fees and costs pursuant to A.R.S. §§ 12-

6  341.01 and 341;

7             F.     For such other relief as the Court deems proper and just.

8

9      DATED this 12th day of November, 2021.

10                       **Jaburg & Wilk, P.C.**

11

12                       /s/Jeffrey A. Silence

                             Jeffrey A. Silence

13                       Corrinne R. Viola

                             3200 N. Central Avenue, 20th Floor

14                       Phoenix, AZ 85012

                             Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
11/12/2021 8:47:26 AM
Filing ID 13601864

Person/Attorney Filing: Jeffrey A Silence
Mailing Address: 3200 N Central Ave, Suite 2000
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)248-1000X1079
E-Mail Address: jxs@jaburgwilk.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029143, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Jeff Manny
Plaintiff(s),
v.
Intel Corporation
Defendant(s).

Case No.  CV2021-017555

**SUMMONS**

To: Intel Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.


GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA



SIGNED AND SEALED this Date: *November 12, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *KYOKO HIGUCHI*
Deputy Clerk




Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5271339

2

EXHIBIT D

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
11/12/2021 8:47:26 AM
Filing ID 13601863

Person/Attorney Filing: Jeffrey A Silence
Mailing Address: 3200 N Central Ave, Suite 2000
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)248-1000X1079
E-Mail Address: jxs@jaburgwilk.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029143, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Jeff Manny
Plaintiff(s),
v.
Intel Corporation
Defendant(s).

Case No.  **CV2021-017555**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Jeffrey A Silence /s/
Plaintiff/Attorney for Plaintiff

EXHIBIT E

Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
01/19/2022
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

01/15/2022

COURT ADMINISTRATION

**Case Number:** CV2021-017555

**Jeff Manny**

**V.**

**Intel Corporation**

The Judge assigned to this action is the Honorable James D Smith

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 11/12/2021 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 02/10/2022. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2021-017555

| Party Name | Attorney Name | |
| --- | --- | --- |
| Jeff Manny | Jeffrey A Silence | Bar ID: 029143 |

EXHIBIT F

| Attorney or Party without Attorney:<br>Jeffrey Alan Silence, Esq<br>JABURG & WILK, P.C<br>3200 N. Central Avenue 20th Floor<br>Phoenix, AZ 85012<br>TELEPHONE No.: (602) 248-1000<br>Attorney for: Plaintiff Jeff Manny | | |
|---|---|---|
| | Ref No. or File No.:<br>224241 | CLERK OF THE<br>SUPERIOR COURT<br>RECEIVED CCB #2<br>DOCUMENT DEPOSITION<br><br>2022 FEB -4  AM 9: 28<br><br>**FILED**<br>BY  R. MERINO, DEP |

Insert name of Court, and Judicial District and Branch Court:
In MARICOPA COUNTY SUPERIOR COURT in and for the County of MARICOPA

Petitioner: Jeff Manny

Respondent: Intel Corporation, a foreign for-profit corporation

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>CV2021-017555 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.  At the time of service I was at least 21 years of age and authorized to serve process in this case.

I served copies of the Summons; Complaint; Certificate of Arbitration

a. Party served          Intel Corporation  c/o CT Corporation System (Statutory Agent)

b. Person Served        Maria Martinez – Clerk / Authorized Agent
   Age: 36 – 40 Race: Caucasian Sex: Female Eyes: Height: 5'7 - 6'0 Weight: 241-260 Lbs Hair: Brown

Address where served: 3800 N Central Ave Ste 460
                      Phoenix, AZ 85012-1995

5.  I served the party
   a.  I personally delivered the documents to the party or person authorized to
       receive service of process for the party (1) on: 2/1/2022    (2) at: 9:00 AM

Person who served papers:
NATIONWIDE   Name:  Richard F. Acree
LEGAL        County of Maricopa,  MC-5966
             3150 North 24th Street, #D104        The fee for service was: $ 65.60
             Phoenix, AZ 85016
             (602) 256-9700
             www.nationwideasap.com



Date:  February 2, 2022

_(Richard F. Acree)_

AZ249792

**CERTIFICATE OF SERVICE**

EXHIBIT G

Monica M. Ryden (State Bar No. 023986)
Alejandro Pérez (State Bar. No. 030968)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com
Alejandro.Perez@jacksonlewis.com

Attorneys for Defendants

ARIZONA SUPERIOR COURT

MARICOPA COUNTY

| | |
|---|---|
| Jeff Manny, | Case No.: CV2021-017555 |
| Plaintiff, | |
| v. | **NOTICE OF FILING**<br>**NOTICE OF REMOVAL** |
| Intel Corporation, a foreign for-profit corporation, | |
| Defendant. | |

**TO:   CLERK OF COURT, SUPERIOR COURT OF THE STATE OF ARIZONA, COUNTY OF MARICOPA:**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Intel Corporation has removed this action from this Court to the United States District Court for the District of Arizona.  A true and correct copy of the Notice of Removal filed with the District Court, without attachments, is attached as **Exhibit 1**.

As provided in 28 U.S.C. § 1446(d), this Notice effects the removal of this action, and this Court "shall proceed no further unless and until this case is remanded."

Dated:  March 2, 2022.

JACKSON LEWIS P.C.

By: */s/ Alejandro Pérez*
Monica M. Ryden
Alejandro Pérez
Attorneys for Defendant

1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, the foregoing was e-filed, and copy was e-served through TurboCourt to:

Jeffrey A. Silence
Corrinne R. Viola
Jaburg Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ  85012
jxs@jaburgwilk.com
crv@jaburgwilk.com
Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4869-9812-0463, v. 2

2